IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MAX PHARR, | : | |
| | : | |
| Plaintiff, | : | |
| VS. | : | |
| | : | NO. 5:16-CV-449-MTT-CHW |
| TJ CONLEY, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

### ORDER

*Pro se* Plaintiff Max Pharr, an inmate currently confined at the Washington State Prison in Davisboro, Georgia, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 as well as a motion for temporary restraining order (ECF No. 2), a motion to appoint counsel (ECF No. 4), a motion to have the United States Magistrate Judge removed from this case (ECF No. 12), and a motion for an order granting Plaintiff extra time to use the law library (ECF No. 13). Plaintiff also filed a motion to proceed *in forma pauperis* (ECF No. 3). For the following reasons, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* but finds Plaintiff has failed to state a claim upon which relief may be granted. As such, Plaintiff's Complaint shall be **DISMISSED without prejudice.** Plaintiff's motion for court-appointed counsel is **DENIED**, and Plaintiff's remaining pending motions are **DENIED as moot.**

    **I.**    **Motion to Proceed** *in forma pauperis*

The Court has reviewed Plaintiff's motion to proceed *in forma pauperis* and, based on his submissions, finds that Plaintiff is presently unable to pre-pay any portion of the filing fee. The Court thus **GRANTS** Plaintiff's motion (ECF No. 3) and waives the initial partial payment required by 28 U.S.C. § 1915(b)(1).

Plaintiff is nevertheless obligated to pay the full filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b). The prison account custodian shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $350.00 filing fee has been paid in full. The Clerk of Court is directed to send a copy of this Order to the business manager at Plaintiff's place of incarceration.

## II.     Motion to Appoint Counsel

Plaintiff has also moved for the appointment of counsel (ECF No. 4). Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claims and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989) (en banc).

In this case, the Court is required to review Plaintiff's Complaint to determine whether Plaintiff's allegations state a colorable legal claim. This process is routine in *pro*

2

*se* prisoner actions and is thus not an "exceptional circumstance" justifying appointment of counsel. The facts as stated in Plaintiff's current Complaint are not complicated, and the law governing Plaintiff's claims is neither novel nor complex. Plaintiff's motion to appoint counsel (ECF No. 4) is accordingly **DENIED**.

### III. Preliminary Review

#### A. Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). When conducting preliminary screening under 28 U.S.C. § 1915A, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual

3

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

    B. <u>Factual Allegations</u>

Plaintiff is a prisoner housed in long-term administrative segregation at Washington State Prison ("WSP"). (Compl. 9, ECF No. 1.) As such, Plaintiff is entitled to receive only limited access to legal research and is also restricted to twenty sheets of typing paper per week to use for drafting and filing court papers. *Id.*

On July 20, 2016, Plaintiff filed in the Bibb County Superior Court a "motion to

correct an illegal sentence,"[1] but Plaintiff never received verification that the court had received his motion. *Id.* Though he attempted to communicate with the court in an effort to determine whether he needed to refile his claims, Plaintiff was unable to receive verification of receipt. *Id.* Plaintiff thus began to request copies of various "case laws, court rules, [and] materials" from the WSP law library so that he could "discover a way to mandate a response from the clerk" to ensure that his motion was received; but he was provided with only "faded-out, unreadable zerox [sic] copies." *Id.* In addition, it appears Plaintiff contends he had to reserve his paper allotment "just in case he had to refile" his motion. *Id.* at 10. As a result, Plaintiff claims he was prevented from filing his brief in support of his motion to correct his sentence and was also unable to "fully respond to the superior court's order." *Id.* The state court ultimately denied Plaintiff's motion. *Id.*

### C. Plaintiff's Claims

#### 1. Access-to-Courts Claims

Plaintiff's primary contention is that Defendants have denied him access to the courts in violation of his constitutional rights. "Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 n. 12 (2002)). "To have standing to seek relief under this right, however, a plaintiff must show actual injury by 'demonstrat[ing] that a nonfrivolous legal claim ha[s]

---

[1] Plaintiff's motion challenged a 1995 guilty plea; he did not file a direct appeal. *See Pharr v. State*, Case No. A17A0708 (Ga. App. Dec. 15, 2016).

been frustrated or . . . impeded.'" *Jackson v. State Bd. of Pardons & Paroles*, 331 F.3d 790, 797 (11th Cir. 2003) (alterations and omission in original) (citing *Lewis v. Casey*, 518 U.S. 343, 353 (1996)). In other words, "[t]he injury requirement means that the plaintiff must have an underlying cause of action the vindication of which is prevented by the denial of access to the courts." *Cunningham v. Dist. Attorney's Office for Escambia Cnty.*, 592 F.3d 1237, 1271 (11th Cir. 2010). In this case, Plaintiff contends that Defendants' actions prevented him from fully briefing his motion to correct his illegal sentence. (*See* Compl. 10.) Plaintiff appears to allege his motion was "nonfrivolous"—and that his sentence was illegal—because he was mentally incompetent when he was sentenced. *See id.* In support of this contention, Plaintiff alleges that he is in possession of a report from an independent doctor who found him "'incompetent' by recommending 'further mental health treatment' prior to waiving his rights in 1995, superior court." *Id.*

Plaintiff's access-to-courts claims are barred by the doctrine set forth by the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In that case, the Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* The crux of Plaintiff's access-to-courts claim is that he would have prevailed on his motion to correct his allegedly unlawful sentence if he had been able to "properly" bring before the state courts his claims that he was mentally incompetent when he pleaded guilty in 1995. (Compl. 10.) If these allegations were to result in a successful judgment on his behalf, that judgment would necessarily imply the invalidity of his sentence. Thus, Plaintiff's claims must be

6

dismissed unless he "can demonstrate that the conviction or sentence has already been invalidated." *Id.* Plaintiff makes no such allegation; in fact, the Georgia Court of Appeals recently affirmed the trial court's denial of Plaintiff's motion to correct his sentence, holding that Plaintiff failed to raise a colorable claim that his sentence could be modified or was void. *Pharr v. State*, Case No. A17A0708 (Ga. App. Dec. 15, 2016). It is clear from the appeals court's opinion that Plaintiff raised the issue of his mental competency in his motion to correct his sentence. *See id.* (citing, *inter alia*, *Foster v. State*, 294 Ga. 400, 401 (2014) (challenge to trial court's procedures regarding defendant's mental competency was not colorable void-sentence claim)).[2] Plaintiff's claims are therefore barred by the doctrine set forth in *Heck*. *See Moore v. Wheeler*, 520 F. App'x 927, 928 (11th Cir. 2013) (per curiam) (finding access-to-courts claim barred by *Heck*).[3] Plaintiff's access-to-courts claims must therefore be **DISMISSED without prejudice.**

---

[2]It further appears from the discussion of Georgia law in Plaintiff's appeal that Plaintiff's underlying claims lack arguable merit. His access-to-courts claims could therefore alternatively be dismissed on grounds that Plaintiff has not shown that he is seeking to pursue a nonfrivolous underlying legal claim, and he has thus failed to allege the requisite injury necessary to state an access-to-courts claim. *See, e.g., Cranford v. Nevada Dept. of Corr.*, 398 F. App'x 540, 549 (11th Cir. 2010) (per curiam) (affirming *sua sponte* dismissal of access-to-courts claim on grounds that underlying claim "lacked arguable merit under Nevada law, and [the plaintiff] thus failed to allege adequately that [prison's] constitutionally inadequate library system actually injured him"); *Angulo v. Fisher*, 262 F. App'x 201, 201 (11th Cir. 2008) (per curiam) (affirming district court's dismissal of access-to-courts claims on initial screening where appeals court determined that plaintiff's underlying legal claim was frivolous).

[3]To the extent Plaintiff seeks release from prison as a remedy for these alleged constitutional violations, such relief is also not available in a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 487, 489 (1973). Instead, "habeas corpus is the exclusive


### *2. Grievance Claims*

Plaintiff also alleges that Defendants have failed to follow the prison's grievance procedures. Specifically, Plaintiff alleges that his counselor failed to provide him with a receipt for a grievance related to the prison library's failure to provide him adequate assistance and materials. (Compl. 10.) To the extent Plaintiff alleges that Defendants' failure to provide him with a grievance receipt independently violated his constitutional rights, such claims must also be dismissed. Prisoners have no constitutionally-protected liberty interest in accessing a prison's grievance procedure. *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (per curiam); *Thomas v. Warner*, 237 F. App'x 435, 438 (11th Cir. 2007) (per curiam) ("Plaintiff's allegations that prison officials failed to comply with the prison's voluntary grievance procedures does not state a due process claim."). Accordingly, any claims related to Defendants' failure to follow the prison grievance procedure shall be **DISMISSED without prejudice.**

### IV.   Conclusion

Based on the foregoing the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) but **DENIES** Plaintiff's motion to appoint counsel (ECF No. 4). Because Plaintiff has failed to state a claim upon which relief may be granted, and because the statute of limitations would not appear to bar their refiling, Plaintiff's access-

---

remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release[.]" *Heck*, 512 U.S. at 481.

to-courts and grievance claims are **DISMISSED without prejudice.** Plaintiff's remaining pending motions (ECF Nos. 2, 12, 13) are **DENIED** as moot.

**SO ORDERED**, this 13th day of February, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT JUDGE