IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MAX PHARR, :
:
      Plaintiff, :
VS. :
: NO. 5:16-CV-449-MTT-CHW
TJ CONLEY, *et al.*, :
:
      Defendants. :
_____ :

## ORDER

This matter is before the Court on Plaintiff's post-judgment filings. On February 13, 2017, the Court granted Plaintiff's motion to proceed *in forma pauperis,* dismissed Plaintiff's Complaint without prejudice for failing to state a claim upon which relief could be granted, and denied his remaining pending motions. Judgment was entered February 14, 2017, and Plaintiff thereafter submitted a post-judgment motion to amend his original Complaint (ECF No. 16), and a motion for appointed counsel (ECF No. 18). For the reasons discussed herein, Plaintiff's motion to amend is **DENIED** and his motion for appointed counsel is **DENIED as moot.**

While it is true that Federal Rule of Civil Procedure 15(a) provides that a party may amend his pleading once as a matter of course, "Rule 15 has no application . . . once the district court has dismissed the complaint and entered final judgment for the defendant." *Lee v. Alachua Cnty.*, 461 F. App'x 859, 860 (11th Cir. 2012) (per curiam) (quoting *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344-45 (11th Cir. 2010). Instead, a plaintiff may seek leave to amend post-judgment only if he is first granted relief under Federal Rule

of Civil Procedure 59(e) or Rule 60(b)(6).  *See id.*  Generally, a *pro se* plaintiff should be given at least one chance to amend the complaint before his action is dismissed without prejudice.  *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) *overruled in part on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc).  Despite this general principle, however, "a district court need not allow any amendment where amendment would be futile."  *Lee*, 461 F. App'x at 860.  After reviewing Plaintiff's motion and proposed Amended Complaint in this case, the Court finds that Plaintiff's proposed amendments are futile and that Plaintiff is not otherwise entitled to post-judgment relief.

As a preliminary matter, Plaintiff has failed to allege a basis for relief under either Rule 59(e) or Rule 60.  Courts have recognized three circumstances warranting reconsideration of a prior order under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice."  *Daker v. Humphrey*, Civil Action No. 5:12-CV-461 (CAR), 2013 WL 1296501, at *2 n.1 (M.D. Ga. Mar. 27, 2013) (quoting *Fla. College of Osteopathic Med., Inc. v. Dean Witter*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)).  Similarly, Rule 60(b) permits a court to provide relief from a judgment or order in the following limited circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it has been based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no

2

longer equitable; or (6) any other reason that justifies relief.

Plaintiff has not asserted that any of these bases for relief apply in this case, and a review of Plaintiff's proposed Amended Complaint does not reveal the existence of any apparent ground for granting relief pursuant to either Rule 59 or 60.

Furthermore, Plaintiff's proposed amendments are futile. First, although Plaintiff's proposed Amended Complaint provides some additional factual detail regarding his access-to-courts claims, Plaintiff still fails to (1) allege that the underlying conviction he is attempting to challenge has been invalidated or (2) explain how the validity of his sentence would not be implicated if he were successful on his access-to-courts claims.[1] Second, Plaintiff has failed to address the Court's finding that he did not allege an actual injury because his underlying legal claim lacked merit under Georgia law. *See* Order 7 n.2, Feb. 13, 2017, ECF No. 14. Finally, Plaintiff's proposed Amended Complaint omits information contained in his original Complaint describing his "nonfrivolous" underlying claim. *See* Mot. Am. Compl. 2, ECF No. 16-1. Thus, Plaintiff's Amended

---

[1] It is clear that *Heck* bars claims for damages and declaratory relief. *See Koger v. Florida*, 130 F. App'x 327, 332 (11th Cir. 2005) (per curiam). A plaintiff may, however, seek prospective injunctive relief as long as the plaintiff can "show that the relief will not 'necessarily imply' the invalidity of his conviction or sentence." *Id.* (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997)). Assuming Plaintiff is seeking prospective injunctive relief in this case requiring Defendants to provide him additional access to legal research materials or other legal assistance, and further assuming such relief would not "necessarily imply" the invalidity of his conviction, any such request for relief has been mooted by his transfer to Coastal State Prison in Garden City, Georgia. *See* Letter, Mar. 14, 2017, ECF No. 20 (advising Court of address change); *see also McKinnon v. Talladega Cnty.*, 745 F.2d 1360, 1363 (11th Cir. 1984) ("The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief.").

Complaint—which would supersede his original Complaint[2]—fails to describe the merits of his "nonfrivolous" motion to correct an illegal sentence in enough detail for the Court to conclude that "the 'arguable' nature of the underlying claim is more than hope." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *see also Guest v. United States*, No. 14-13329, 2015 WL 5157185, at *1 (11th Cir. Sept. 3, 2015) (holding that prisoner's "blanket assertions" that motion for reconsideration would have been granted had it been timely received by Georgia Court of Appeals were not sufficient to show that prisoner's "underlying claim was 'more than hope'").

For these reasons, Plaintiff's post-judgment motion to amend (ECF No. 16) must be **DENIED**. Plaintiff's pending motion for appointed counsel (ECF No. 18) is **DENIED as moot.**

**SO ORDERED** this 28th day of April, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] As a matter of law, the filing of an amended pleading renders the previous pleading "a legal nullity." *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016); *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.") (internal quotation marks omitted)); *cf. also Barber v. Krepp*, No. 15-13059, 2017 WL 694489, at *2 n.2 (11th Cir. Feb. 22, 2017) (declining to consider allegations in Plaintiff's initial application for a writ of mandamus and supplement thereto because "[b]oth would have been superseded by the amended application for a writ of mandamus").